UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KENNY LANE,                              )
                                         )
    Plaintiff/Counter-Defendant,    )
                                         )  No. 3:10-CV-556
                                         )  (VARLAN/GUYTON)
V.                                       )
                                         )
SUNTRUST BANK,                           )
                                         )
    Defendant/Counter-Plaintiff.    )

## MEMORANDUM AND ORDER

    This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 22] referring SunTrust Bank's Motion to Compel Responses to Post-Judgment Discovery [Doc. 20] to this Court for disposition.

    On May 10, 2011, the Court granted summary judgment in favor of counter-plaintiff SunTrust Bank with respect to the liquidated liability of counter-defendant Kenny Lane [Doc. 16]. On May 20, 2011, counter-plaintiff SunTrust served counter-defendant Lane with post-judgment interrogatories and requests for production. [Doc. 21 at ¶ 2]. On June 22, 2011, counter-plaintiff SunTrust sent a letter to the counter-defendant Lane's counsel informing him that thirty days had lapsed since the service of counter-plaintiff's discovery request and requesting a response by July 1, 2011. [Ex. 2 to Doc. 21]. At the time the Motion to Compel was filed on August 29, 2011, counter-defendant Lane had not responded to the interrogatories or requests for production and the time allotted for doing so under the applicable rule and pursuant to the parties' stipulation had expired, see Fed. R. Civ. P. 33(b)(2). The counter-plaintiff, therefore, moves the Court for an order compelling counter-defendant Lane to respond to the interrogatories and requests for production.

Counter-plaintiff SunTrust's Motion to Compel was filed on August 29, 2011. As of September 27, 2011, counter-defendant Lane has not responded to the Motion to Compel, and the time for doing so has elapsed, see E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.Tenn. L.R. 7.2.

Based upon counter-defendant Lane's failure to respond in opposition, counter-plaintiff SunTrust's Motion to Compel Responses to Post-Judgment Discovery **[Doc. 20]** will be **GRANTED**. Counter-defendant Lane shall respond to the post-judgment interrogatories and requests for production served upon him on or before **October 18, 2011**.

Failure to fully comply with this Order may result in the imposition of sanctions, including, but not limited to, legal fees and costs.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

2